DARREN M. HARRIS [SBN 190399]
**HARRIS GROMBCHEVSKY LLP**
2070 Business Center Drive, Suite 285
Irvine, CA 92612
Telephone: (949) 387-4444
Facsimile: (949) 387-4544
E-mail: dharris@sgblaw.com

*Attorneys for Plaintiff,* JUDDIT RODRIGUEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDDIT RODRIGUEZ an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; CITY OF SAN BERNARDINO; TIMOTHY MORRIS, an individual, FRANCISCO AYALA, an individual, and DOES 1 to 10, inclusive;<br><br>Defendants. | Case No: 5:21-cv-01528<br><br>**COMPLAINT FOR:**<br><br>**(1) UNLAWFUL SEARCH AND SEIZURE (42 U.S.C. § 1983)**<br><br>**(2) UNLAWFUL ARREST (42 U.S.C. § 1983)**<br><br>**(3) UNLAWFUL DETENTION / FALSE IMPRISONMENT (42 U.S.C. § 1983)**<br><br>**(4) CRUEL AND UNUSUAL CONDITIONS / MUNICIPAL LIABILITY (42 U.S.C. § 1983)**<br><br>**(5) MALICIOUS PROSECUTION (42 U.S.C. § 1983)**<br><br>*DEMAND FOR JURY TRIAL* |

Plaintiff JUDDIT RODRIGUEZ alleges and complains as follows:

## INTRODUCTION

1.      This civil rights action seeks damages from Defendants for violating various rights under the United States Constitution in connection with the wrongful arrest, detention and imprisonment, which ultimately resulted in the malicious prosecution of Plaintiff.

- 1 -
**COMPLAINT FOR DAMAGES**

## GENERAL ALLEGATIONS

2.     Jurisdiction is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3) and (4), et. seq.

3.     Venue is proper in the Central District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in San Bernardino, California, within the Central District.

## PARTIES

4.     At all times relevant to this complaint, Plaintiff JUDDIT RODRIGUEZ ("RODRIGUEZ") was an individual residing in San Bernardino County, California.

5.     At all times herein mentioned, Defendant COUNTY OF SAN BERNARDINO ("COUNTY") was a municipality and/or governmental entity operating under a Charter, organized and incorporated under the laws of the State of California, and located in the County of San Bernardino, State of California.

6.     At all times herein mentioned, Defendant CITY OF SAN BERNARDINO ("CITY") was a municipality and/or governmental entity operating under a Charter, organized and incorporated under the laws of the State of California, and located in the County of San Bernardino, State of California.

7.     At all times herein mentioned, Defendant TIMOTHY MORRIS ("MORRIS") was a police officer employed by the police department of Defendant CITY.  At all times herein mentioned, Defendant FRANCISCO AYALA ("AYALA") was a police officer employed by the police department of Defendant CITY.

8.     Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 10, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

- 2 -

**COMPLAINT FOR DAMAGES**

9.      At all times herein mentioned, Defendants, and DOES 1-10 were the agents, servants and employees of each other, and at all times pertinent hereto were acting within the course and scope of their authority as agents, servants and/or employees and acting on the implied and actual permission and consent of the CITY and/or the COUNTY.

## FACTUAL BACKGROUND

10.      On or about August 19, 2018, Plaintiff was hosting a family birthday party at her residence in San Bernardino, California.

11.      Defendants MORRIS and AYALA were dispatched to Plaintiff's residence after alleged complaints for loud music being played at the residence. When the officers arrived at the residence, no music could be heard. Nevertheless, they knocked on the door. They opened the door without consent and saw minor children in the room. When RODRIGUEZ appeared at the door, the officers demanded that she step outside. She complied.

12.      When MORRIS and AYALA asked if RODRIGUEZ had her ID, she told them she had it inside and she would go get it. As RODRIGUEZ entered her residence, the officers illegally stepped inside of the residence without consent. RODRIGUEZ asked them to wait outside and they refused. When she again asked them to step outside and she would get her ID, the officers forcefully placed her in handcuffs and removed her from the residence. This was done in the presence of the onlooking children and family members.

13.      As RODRIGUEZ was being led away from her residence to the police vehicle, she was told she was being arrested for "Disturbing the Peace" and for "Delaying the Investigation".

14.      At no time did the officer have any valid search warrant or any consent to enter into Plaintiff's residence. In fact, the officers knew that they were entering illegally and without any valid consent. At no time, did the officers witness any crime being committed.

- 3 -

**COMPLAINT FOR DAMAGES**

15.    RODRIGUEZ was taken into custody and booked in the jail facility.

16.    This illegal course of conduct led to the filing of criminal charges against RODRIGUEZ.  Defendants criminally prosecuted RODRIGUEZ in the Superior Court of California in the County of San Bernardino, case number MSB18016000.

17.    RODRIGUEZ was arrested on August 19, 2018.  She then endured over two (2) years with charges pending against her in the superior court.  On September 16, 2020, the criminal charges against RODRIGUEZ were dismissed by the court in the "interest of justice".

18.    California *Government Code* §945.3 provides that any applicable statute of limitations for filing and prosecuting this action is tolled during the period that the charges are pending before a superior court.  Accordingly, Plaintiff's claims herein were tolled during the entire time the criminal charges were pending against her, from August 19, 2020 through September 16, 2020. See *Mills v. City of Covina*, No. 17-56343 (9th Cir. 2019); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) [federal court applies California's statute of limitations for personal injury actions, along with California's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.]

## FIRST CAUSE OF ACTION

**Unlawful Search and Seizure (42 U.S.C. § 1983) Against Defendants TIMOTHY MORRIS and FRANCISCO AYALA and Does 1-10**

19.    Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

20.    42 U.S.C. § 1983 provides in part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the

- 4 -

**COMPLAINT FOR DAMAGES**

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress."

21.     Plaintiff had a firmly established right under the Fourth Amendment to be free from search and/or seizure without probable cause and without a valid warrant or consent.

22.     Defendants' conduct deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

23.     Defendants MORRIS and AYALA were at all relevant times performing their duties as officers for the CITY and acting under color and pretense of law, under color of the statutes, ordinances, regulations, customs and usages of the State of California.

24.     The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of the rights, privileges and immunities secured to her by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff.

25.     Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

26.     Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

**False Detention / Arrest (42 U.S.C. § 1983) against Defendants TIMOTHY MORRIS and FRANCISCO AYALA and Does 1-10**

27.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

28.     42 U.S.C. § 1983 provides in part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress."

29.     Plaintiff had a firmly established right under the Fourth Amendment to be free from arrest without probable cause. Defendants arrested Plaintiff despite the fact that she had committed no crime.

30.     Defendants' conduct deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

31.     Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

32.     Defendants MORRIS and AYALA were at all relevant times performing their duties as officers for the CITY and acting under color and pretense of law, under color of the statutes, ordinances, regulations, customs and usages of the State of California.

- 6 -

**COMPLAINT FOR DAMAGES**

33.     The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of the rights, privileges and immunities secured to her by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff.

34.     Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

35.     Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

## THIRD CAUSE OF ACTION

### False Imprisonment (42 U.S.C. § 1983) against Defendants TIMOTHY MORRIS and FRANCISCO AYALA and Does 1-10

36.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

37.     Defendants unlawfully detained Plaintiff for an unreasonable period of time after they knew or should have known that Plaintiff had committed no crimes.

38.     False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.

39.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### Cruel and Unusual Conditions / Punishment (42 U.S.C. §1983)
### Against All Defendants and Does 1 to 10

40.  Plaintiffs incorporate by reference each and every allegation contained

- 7 -

**COMPLAINT FOR DAMAGES**

in the preceding paragraphs as if set forth fully herein.

41.   While RODRIGUEZ was under the supervision and control of the Defendants, she suffered numerous bites/rashes from an infestation of bed bugs. She developed severe rashes/bites/redness which resulted in pain, discomfort, annoyance, sleeplessness, inconvenience, humiliation, anxiety, scarring, and emotional distress.

42.   Defendants COUNTY and CITY, pursuant to municipal custom, policy or practice, negligently or recklessly hired, trained, supervised, investigated, disciplined, and/or retained, Defendants MORRIS and AYALA and DOES 1-10 so as to be a moving force in violation of Plaintiff's civil and statutory rights based on the aforesaid conduct alleged herein.

43.   Plaintiff is informed and believes that the training policies of Defendants COUNTY and CITY were inadequate to train its employees to inspect for and eradicate bed bugs in its facilities.  Defendants COUNTY and CITY were deliberately indifferent to the obvious consequences of its failure to train it employees adequately.

44.   By the policies and practices described herein, Defendants and each of them subjected RODRIGUEZ to a substantial risk of serious harm and injury from inadequate health care, supervision, monitoring, cleanliness, and violated her right to basic human dignity and to be free from cruel and unusual  conditions and punishment under the Eighth and Fourteenth Amendments to the United States Constitution.  These policies and practices have been and continue to be implemented by Defendants and their agents, officials, employees, and all persons acting in concert  under color of state law, in their official capacity, and are the proximate cause of the plaintiff's injuries and deprivation of rights secured under the Eighth and Fourteenth Amendments.  See *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**COMPLAINT FOR DAMAGES**

45.   Plaintiff is informed and believes that Defendants have been and are aware of all of the deprivations complained of herein and have condoned or have been deliberately indifferent to such conduct.

46.   Defendants' deliberate indifference to the needs, supervision, monitoring, and housing of the plaintiff as an inmate was a substantial factor in causing the plaintiff's injuries.

47.   Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

## FIFTH CAUSE OF ACTION

### Malicious Prosecution (42 U.S.C. §1983) Against All Defendants and Does 1 to 10

48.   Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

49.   RODRIGUEZ was arrested on August 19, 2018.

50.   Defendants' illegal course of conduct led to the filing of criminal charges against RODRIGUEZ.  Defendants criminally prosecuted RODRIGUEZ in the Superior Court of California in the County of San Bernardino, case number MSB18016000.

51.   RODRIGUEZ endured over two (2) years with charges pending against her in the superior court.  On September 16, 2020, the criminal charges against RODRIGUEZ were dismissed by the court in the "interest of justice".  The criminal proceedings ended in RODRIGUEZ's favor.

52.   42 U.S.C. §1983 provides in part:

> "Every person who, under color of any statute,
> ordinance, regulation, custom, or usage of any State
> or Territory subjects, or causes to be subjected, any
> person of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights,

- 9 -

**COMPLAINT FOR DAMAGES**

privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress."

53.     As alleged hereinabove, the actions and the conduct of the Defendants caused RODRIGUEZ to be maliciously prosecuted without probable cause in violation of her Fourth and Fourteenth Amendment rights under the United States Constitution.

54.     The harm to RODRIGUEZ from the illegal actions of the Defendants has resulted in the loss of income, the loss of reputation, the cost of hiring lawyers, emotional distress and such other compensatory damages in an amount to be proven at trial.

52.     The actions and the conduct of the Defendants was willful, wanton, malicious, retaliatory, and with reckless disregard for the Constitutional rights of RODRIGUEZ and does therefore justify the imposition of exemplary and punitive damages as to each of them.  RODRIGUEZ does not seek exemplary and punitive damages against the COUNTY or the CITY, since she is precluded from doing so by law.

## **PRAYER**

Wherefore, Plaintiff prays for judgment as follows:

1.  For all available general damages according to proof;

2.  For all available special damages according to proof;

3.  Loss of earnings and earning capacity according to proof;

4.  Attorneys' fees according to proof;

5.  Costs of suit incurred herein; and

6.  For exemplary and punitive damages as to Defendants MORRIS and AYALA and DOES 1-10, only; and

7.  For any other available relief as the court may deem just and proper;

**COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2

       Pursuant to FRCP Rule 38 and Local Rule 38-1, Plaintiff hereby demands a

3

trial by jury.

4

5

Date: September 8, 2021            HARRIS GROMBCHEVSKY, LLP

6

7

                By:   _____

8

9

                    DARREN M. HARRIS
                    *Attorneys for Plaintiff*

10

                    JUDDIT RODRIGUEZ

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -

## **COMPLAINT FOR DAMAGES**